IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DUNTAY CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:05-cv-00936-LSC-TMP |
| ) | |
| JIMMY ABBETT and ALONDO JONES, ) | |
| ) | |
| Defendants. ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Duntay Caldwell, plaintiff, has filed a *pro se* complaint in this court pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Tallapoosa County Jail, which is located in the Middle District of Alabama. Plaintiff names as defendants Jimmy Abbett, the Tallapoosa County Sheriff, and Alondo Jones, a jailer at the Tallapoosa County Jail. He claims that defendant Jones sprayed him with pepper spray while he was involved in a fight with another inmate, denied him proper medical treatment for injuries sustained during the fight, and failed to wash the pepper spray out of plaintiff's eyes with saline solution.

It appears from the complaint filed by plaintiff that venue is not proper in the Northern District of Alabama. A civil rights action may be brought only in the judicial district (1) where at least one of the defendants resides or (2) where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Daugherty v. Procunier*, 456 F.2d 97 (9th Cir. 1972). There does not appear to be a defendant which resides in the Northern District of Alabama. In addition, the actions of which plaintiff complains did not occur in the Northern District of Alabama,

and appear to have occurred in the Middle District of Alabama. Accordingly, in the interest of justice, this action is due to be transferred to the United States District Court for Middle District of Alabama. 28 U.S.C. § 1404(a).

For the foregoing reasons, the magistrate judge RECOMMENDS that this action be transferred to the United States District Court for the Middle District of Alabama.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed. Failure to file written objections to the proposed findings and recommendations contained in this report within fifteen (15) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

DONE this the 23RD day of June, 2005.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE